IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BILL R. BARKER,

      Petitioner,

v.                                      CASE NO. 5:05-cv-00071-SPM-AK

UNITED STATES OF AMERICA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause was initiated with the filing of a document styled "Class Action Writ of Habeas Corpus under the United States Constitution Article I, Section 9, Clause 2 for Petitioner's Immediate Release." Doc. 1. Though other inmates attempted to join this case, the Court determined by prior order that only Petitioner Barker was properly before this Court. According to the petition, Petitioner is "innocent of any crimes against the United States" and is being "illegally and Un-Constitutionally held" by the Bureau of Prisons at FCI Marianna, Florida. *Id*. at 3. Furthermore, although Petitioner demands"that no U.S. Magistrate Judge enter this case," *id*., the rules of this Court provide for the undersigned to submit this R & R per controlling statute.

As grounds for relief, the petition cites the following errors: (1) fraudulent and unconstitutional indictment, *id*. at 4-8 & 13-14; (2) unconstitutionality of guilty pleas, *id*. at 8-13; and (3) ineffective assistance of counsel, *id*. at 15. Petitioner demands his immediate release.

*Id.* at 19.

Petitioner also filed a "First Amended Class Action Writ of Habeas Corpus under the U.S. Constitution, Article I, Section 9, Clause 2 for Petitioner's Immediate Release."  Doc. 3. The petition "Repeat[s] and Reallege[s]" the claims in the initiating pleading but adds additional grounds regarding the unconstitutionality of guilty pleas, *id.* at 2-3; an ex post facto claim, *id.* at 3-4; claims which attack the jurisdiction of this Court, *id.* at 4-7; and an additional attack on the legality of the indictments.  *Id.* at 7-8.  The amended petition concludes with a request that "Petitioner's Sentence Should Be Vacated, Set Aside, and All Petitioner's Released Immediately."  *Id.* at 10.

Within two weeks, Petitioner filed a "Second Amended Class Action Writ of Habeas Corpus."  Doc. 4.  On this occasion, Petitioner requests that the Court issue a show cause order to "the D.O.J. et al., for the immediate release of Petitioner's as [he is] actually innocent of any crime against the United States of America...."  *Id.*  Again, the document attacks the validity of the indictments, e.g., "All Gun Charges are State Charges, period," *id.* at 6, and it adds an allegation of "selective prosecution of poor White, poor Black, poor Hispanic and other minority...."  *Id.* at 5.

The Court has not directed Petitioner to file an amended petition which includes all of his claims in a single pleading, as this would misdirect judicial resources.

Petitioner has repeatedly attacked his conviction in one manner or another in the United States District Court for the Middle District of Florida, which is the convicting court.  *See* 8:86cr342-RAL (M.D. Fla.).  For example, since 1996, Petitioner, who was apparently convicted in 1987, has filed multiple § 2255 motions, habeas corpus motions, and petitions for writs of mandamus.  At least one of these was predicated on Article I of the Constitution.  *See id.* at Doc.

597.  All have been denied.

## DISCUSSION

Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not be
> entertained if it appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him relief, unless
> it also appears that the remedy by motion is inadequate or ineffective to test the
> legality of his detention.

28 U.S.C. § 2255.  Despite Petitioner's attempt to avoid § § 2241 and 2255 by citing the

Constitution, section 2255 is the usual vehicle by which a federal prisoner must pursue habeas

corpus relief, unless the "savings clause" of that statute opens.  *See generally Wofford v. Scott*,

117 F.3d 1236m 1238-42 (11th Cir. 1999) (discussing history of § 2255).  The question presented

here then is whether the savings clause of § 2255, which permits a federal prisoner to seek §

2241 habeas corpus relief when a motion to vacate is "inadequate or ineffective to test the

legality of...detention," affords Petitioner any relief on this occasion.  In *Wofford v. Scott*, the

Eleventh Circuit found that the savings clause of § 2255 applies to a claim only when:

> (1) that claim is based upon a retroactively applicable Supreme Court decision; 2)
> the holding of that Supreme Court decision establishes the petitioner was
> convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a
> claim at the time it otherwise should have been raised in the petitioner's trial,
> appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).   The question of actual innocence is not

triggered until a determination is made that a petitioner can proceed under § 2241.  *Id*. at 1244

n.3.

The claims presented on this occasion, including the jurisdictional issues, are claims that

Petitioner should have presented on direct appeal or in his § 2255 motion.  "As a general matter,

the proper method of attacking the sufficiency of an indictment is by direct appeal." *Gearing v. United States*, 432 F.2d 1038, 1040 (5th Cir. 1970). However, one of the grounds on which a § 2255 motion may be predicated is that the court which imposed the sentence was without jurisdiction to do so.  A court is without jurisdiction to impose a sentence when the indictment on which the conviction is based is void." *Id.*  Because there is no retroactively applicable Supreme Court decision which has been rendered to "open the portal to a § 2241 proceeding," *id.*, the savings clause of § 2255 is not triggered so as to allow this § 2241 habeas corpus petition to proceed.  Like the petitioner in *Wofford*, instant Petitioner "had a procedural opportunity to raise each of his claims and have it decided at trial or on appeal," *id.* at 1245, or in a § 2255 motion.  In this Court's view, Petitioner is "attempting to use § 2241 simply to escape the restrictions on second or successive § 2255 motions," *id.*, and the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id.*

Although the Court does not base its decision on abuse of the writ, it notes that the doctrine remains viable.  *See* 28 U.S.C. § 2244(a); *Glumb v. Honsted*, 891 F.2d 872 (11th Cir. 1990).

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, the first amended petition, and the second amended petition, Docs. 1,3, & 4, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

IN CHAMBERS at Gainesville, Florida, this  **1st**  day of July, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.