IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BILL R. BARKER,

    Petitioner,

v.                                                       CASE NO. 5:05-cv-00071-SPM-AK

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

This cause was initiated with the filing of a document styled "Class Action Writ of Habeas Corpus under the United States Constitution Article I, Section 9, Clause 2 for Petitioner's Immediate Release." Doc. 1. According to this document, the petitioners are "innocent of any crimes against the United States" and are being "illegally and Un-Constitutionally held" by the Bureau of Prisons at FCI Marianna, Florida. *Id*. at 3. Furthermore, the request for habeas relief "is not to be construed as a Title 28 USC § 2241 and 28 USC § 2255" and "it is respectfully requested...that no U.S. Magistrate Judge enter this case..." *Id*.

As grounds for relief, the document cites the following errors: (1) fraudulent and unconstitutional indictment, *id*. at 4-8 & 13-14; (2) unconstitutionality of guilty pleas, *id*. at 8-13; and (3) ineffective assistance of counsel, *id*. at 15. The document demands the immediate release of all petitioners. *Id*. at 19. It is signed initially by "Bill R. Barker...Petitioners Counsel of Record." *Id*. at 19. Underneath Barker's signature is "Petitioners Declaration under Penalty

of Perjury," signed by Barker and an additional eleven petitioners. *Id*. at 19-20. The certificate of service is signed solely by Barker. *Id*. at 21.

Before the case could be reviewed further, a second document, "First Amended Class Action Writ of Habeas Corpus under the U.S. Constitution, Article I, Section 9, Clause 2 for Petitioner's Immediate Release," was filed. Doc. 3. In this document, an additional eight inmates are listed as wishing to join this "Class Action, Writ of Habeas Corpus," with each of the eight initialling next to his name. *Id*. at 1. The document "Repeat[s] and Reallege[s]" the claims in the initiating pleading but adds additional grounds regarding the unconstitutionality of guilty pleas, *id*. at 2-3; an ex post facto claim, *id*. at 3-4; claims which attack the jurisdiction of this Court, *id*. at 4-7; and an additional attack on the legality of the indictments. *Id*. at 7-8. The document concludes with a request for emergency relief for all inmates housed at FCI Marianna and the staff at that facility who are "in immediate danger of being 'Killed,' 'Murdered' or serious Injury as a direct Premeditated Civil Rights Violation" based on understaffing and overcrowding. *Id*. at 9-10. The document concludes with a request that "Petitioner's Sentence Should Be Vacated, Set Aside, and All Petitioner's Released Immediately." *Id*. at 10. On this occasion, the document and the certificate of service are signed only by "Bill R. Barker, Petitioner's Counsel." *Id*.

Within two weeks, a "Second Amended Class Action Writ of Habeas Corpus" was filed. Doc. 4. An additional five inmates initialed next to their names on the front page of the document. *Id*. at 1. On this occasion, petitioners and "their Families" request that the Court issue a show cause order to "the D.O.J. et al., for the immediate release of Petitioner's as [they] are actually innocent of any crime against the United States of America...." *Id*. Again, the document attacks the validity of the indictments, e.g., "All Gun Charges are State Charges,

period," *id*. at 6, and it adds an allegation of "selective prosecution of poor White, poor Black, poor Hispanic and other minority...." *Id*. at 5.  Additionally, this document adds a claim of "gross Medical Malpractice as Petitioner's were brought to FCI Marianna under the pretex[t] of going to a Federal Medical Institution...." *Id*. at 6.  This document and the certificate of service are signed only by "Bill R. Barker, Petitioner's Counsel." *Id*. at 6-7.

Approximately two weeks later, Barker, as "Petitioner's Counsel," filed a document styled as "Petitioner's Notice of Pending Class Action...and Request This Court to Issue a Show Cause Order to Government, " which was interpreted as a motion for order to show cause.  Doc. 6.  The motion is straightforward but buried in the supporting memorandum is another "Emergency Request to all D.O.J. and Court Officials" regarding the necessity of halting the "Reckless Endangerment and B.O.P. Callous Negligence" based on an attack on "Two Handicapped Inmates in Wheelchairs...." *Id*., Memorandum at 3. Also included in the memorandum is an allegation that "all federal drug laws are illegal...." *Id*.  Again, the documents and certificate of service are signed only by Barker.

Two weeks later, Barker, again as "Petitioner's Counsel," filed "Petitioner's Second Notice of Pending Class Action...and a Request for This Honorable Court to Issue a Show Cause Order with an Order for the Clerk to Provide a Docket Sheet." Doc. 7.  This document was interpreted as a second motion for order to show cause, and the docket reflects that the Clerk mailed a third docket sheet to Barker.

The next day, Barker, as "Petitioner's Counsel," filed a motion for jury trial.  Doc. 8.  In this document, Barker complains that the Clerk is "acting as Judge, Jury, Prosecutor, and Lawyer's herein" based on the docket sheet notation "Internal Use Only." *Id*.  Barker requests that "U.S. District Judge, William Stafford...take control" of this matter. *Id*.  On that same date,

Barker, in his capacity as "Petitioner's Counsel," filed a document headed "Re: Gross Errors in Legal Materials Placed in the U.S. Mail, as True and Correct by Your Clerk(s)." Doc. 9. This document was interpreted by the Court as a motion for correction of docket. In this instance, Barker asks the Clerk of Court to "clean-up the errors and obstruction of justice by the Clerk's using [his] name...." *Id*. In Barker's estimation, the Clerk erred in opening this cause as a § 2241 matter and in failing individually to list the "twenty-five Petitioner's" in this case. *Id*. He also requests an explanation of the "Activity Deadline set for 8/1/2005" and concludes with the following:

> The Clerk(s) are running the ship, and We/The Petitioner's [are] in the dark.?? Sir, you know, 'you have Clerk's practicing Law in violation of the Constitution as the Clerk's are absent power/jurisdiction/authority to use the United States District Court for their own personal use and political agenda'??!! Again, Sir, the Buck stops with You, but herein, the Judges have a liability for allowing this to happen in a federal court.??!!

*Id*.

Within weeks, Barker filed two additional documents. In the first, which has the heading "Re: Errors by Clerks and Please Send a Correct Docket Sheet and Return the First Page in the Attached Letter," Petitioner requests information regarding "What Is the Name of the Entity Who I Make a Complaint to about the U.S. District Court Clerks, also We need the Address of the Entity Who We Are Complaining To...." Doc. 10. This document was filed as another motion to correct docket. In the second document, styled "Class Action Petitioner's Third Notice of Pending Habeas Corpus Under the Constitution and Fifth Request for Verbatim Docket Sheet," complains about failure of the Government to respond to the habeas petition and requests a "correct copy" of the docket sheet. Doc. 11. This was docketed as a notice. Attached to this document is a copy of the Court's docket sheet with typed comments and notations from Barker.

In short, Barker believes that the Clerk's entries are examples of "Gross Collusion" by the clerks and the Court. *Id.* As usual, Barker is the only person to sign these documents.

Mr. Barker is eminently correct that the time has come for the Court to take control of this matter, and the Court begins here: Mr. Barker is not, as far as the Court can ascertain, an attorney, and even if he is, he is not admitted to practice law in this District on behalf of other persons. He therefore may proceed only on his own behalf and not as "Petitioner's Counsel."

Next, the only document which contains any signatures other than Barker's is the initiating pleading. As a part of her job duties, the reviewing law clerk, who is an attorney, reviewed the initiating pleading to determine how the document should be filed. This review resulted in the opening of this cause as a § 2241 proceeding with Barker as the only petitioner. Several factors entered into this decision, including the fact that a federal prisoner, such as Barker, may, despite his protestations to the contrary, collaterally challenge his conviction only through § 2255 or § 2241. Additionally, no case may proceed as a class action except upon proper motion and with prior authorization of the Court. Even then, a *pro se* litigant may not be the representative of the class. Further, this cause was filed in the Panama City Division because FCI Marianna is located there, but it is maintained in the Gainesville Division because the district and magistrate judges randomly assigned to this case are located in that division point. In short, this cause was properly filed as a § 2241 case, a fact which will be more fully explained in a later Report and Recommendation, with the only petitioner being Bill R. Barker. Any other proposed petitioner, who either signed or initialed one of the other pleadings, is not properly before this Court. If any of these persons wishes to be heard by this Court, he must file his own petition on the appropriate habeas corpus form.

Furthermore, although Barker was sent, at least on one occasion, the docket sheet

designated for the Court's internal use only, his complaints in that regard are for naught. The only differences between the public docket sheet and the internal docket sheet are the designation as public or internal and the omission on the public docket sheet of technical events, such as setting deadlines, e.g. "Set/Clear Flags, Law Clerk 1...." *See* Doc. 11 at 2. The "Action Required" entries are merely a means for alerting a judge's chambers that, for example, a given document is ready for review. The Court's docket is now completely maintained on the computer, and the docket sheet, which is computer generated, certainly does now look considerably different than it did in the past. The Court has reviewed the actual documents that have been filed in this case, comparing them with the docket entries, and there is nothing on the docket sheet which requires correction.

In addition, any failure to protect claims which Barker has presented may be brought only by the inmate who has suffered injury because of the BOP's alleged failure to protect, and his claim must be presented as a § 1983 claim for violation of his civil rights.

Finally, Petitioner has not paid the filing fee in this case or filed a motion for leave to proceed *in forma pauperis*. Nevertheless, the Court will grant Petitioner leave to proceed IFP so that this matter may proceed expeditiously. As will be more fully explained later in the R&R, no order to the Government to show cause is required, and Petitioner is not entitled to a trial by jury in a habeas matter.

Accordingly, it is **ORDERED**:

That leave for Petitioner Bill R. Barker to proceed IFP is **GRANTED SUA SPONTE**;

That the motion for order to show cause, Doc. 6, is **DENIED**;

That the motion for order to show cause, Doc. 7, is **DENIED**;

That the motion for jury trial, Doc. 8, is **DENIED**;

That the motion for correction of docket sheet, Doc. 9, is **DENIED**;

That the motion for correction of docket sheet, Doc. 10, is **DENIED**.

**DONE AND ORDERED** this *30th* day of June, 2005.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**